IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUSTIN RAY MILLER, # 637028, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:25-cv-00078 |
| BRIAN LAYHEW, *et al.*, | ) Judge Richardson |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Justin Ray Miller, who is currently in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se Complaint alleging violations of Plaintiff's civil rights while he was in custody at the Rutherford County Adult Detention Center. (Doc. No. 1). As explained below, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.

## FILING FEE

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) will be granted.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Davidson County Sheriff's Office to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## SCREENING THE COMPLAINT

1. **Motions to Amend**

Plaintiff's Complaint names two Defendants: (1) Sergeant Brian Layhew and (2) the Rutherford County Adult Detention Center. However, he has since filed two motions—a Motion to Amend (Doc. No. 6) and a Motion for Leave of Court (Doc. No. 7)—both requesting to drop all claims against the Rutherford County Adult Detention Center.

A plaintiff must file a proposed amended complaint when seeking leave to amend his complaint. *See* M.D. Tenn. L.R. 15.01(a)(1) ("A motion to amend a pleading must . . . include as an appended exhibit the signed proposed amended pleading."). Accordingly, Plaintiff's Motion to Amend (Doc. No. 6) and a Motion for Leave of Court (Doc. No. 7) will be denied. The Court will screen the original Complaint.

2. **PLRA Screening Standard**

The Amended Complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2), 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

3. **Factual Allegations and Claims**

Plaintiff alleges that he submitted a "PREA" (Prison Rape Elimination Act) grievance at the Rutherford County Adult Detention Center on October 12, 2023. (Doc. No. 1 at 2). He further alleges that Sergeant Layhew responded to the grievance with a text message indicating that the issue was "non grievable." (*Id.*) Plaintiff then tried to file a lawsuit against Sergeant Layhew, but the form complaint provided by a staff member at the Rutherford County Adult Detention Center had an outdated mailing address for this Court. (*Id.* at 3). When he mailed his complaint, it was lost. (*Id.*)

Plaintiff seeks $3 million in damages, plus an investigation of the Rutherford County Adult Detention Center. (*Id.* at 4).

4. **Analysis**

Plaintiff alleges that Sergeant Layhew improperly rejected his PREA grievance. However, "there is no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer*, 80 Fed. Appx. 427, 430 (6th Cir. 2003); *see Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The denial of administrative grievances or the failure to act by prison officials

does not subject supervisors to liability under § 1983." (quotation marks omitted)). Accordingly, Plaintiff has failed to state a claim against Sergeant Layhew upon which relief may be granted.

Plaintiff alleges that a staff member at Rutherford County Adult Detention Center gave a form complaint with an outdated address for this Court. "Plaintiffs with nonfrivolous legal claims have a constitutional right to access the courts to bring those claims." *Jackson v. City of Cleveland*, 64 F.4th 736, 746 (6th Cir. 2023). Where an incarcerated individual alleges that jail or prison staff interfered with his right to access the courts, he must allege "actual injury" in the form of prejudice to a non-frivolous lawsuit or potential lawsuit. *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999); *Jackson*, 64 F.4th at 746 ("We have identified having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline as some examples of actual prejudice to pending or completed litigation." (quotation marks omitted)). Here, Plaintiff alleges no such prejudice. At most, he alleges a delay in suing Sergeant Layhew. But that delay did not prevent Plaintiff from a determination on the merits of his claim against Sergeant Layhew. Accordingly, Plaintiff has failed to state a claim against Rutherford County Adult Detention Center upon which relief may be granted.

Because Plaintiff has failed to state a claim upon which relief may be granted, his Complaint will be dismissed.

## CONCLUSION

Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**. Plaintiff's Motion to Amend (Doc. No. 6) and Motion for Leave of Court (Doc. No. 7) are **DENIED**.

Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE